IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| LETICIA MCWILLIAMS, § | |
|     Petitioner, § | |
| § | |
| VS. § | Civil Action No. 4:15-CV-641-O |
| § | |
| WILLIAM STEPHENS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
|     Respondent. § | |

## OPINION AND ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner, Leticia McWilliams, a state prisoner who was confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) at the time this petition was filed, against Williams Stephens, Director of TDCJ, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that Respondent's motion to dismiss should be granted and the petition dismissed on exhaustion grounds.

**I. BACKGROUND**

On January 19, 2010, pursuant to a plea bargain agreement, Petitioner pleaded guilty in Tarrant County, Texas, Case No. 1174887D, to intoxication assault and received a probated ten-year sentence. Resp't Mot. to Dismiss, Ex. A 2-4, ECF No. 17-2.[1] The conditions of Petitioner's community supervision were extensive. On April 4, 2014, following a hearing, the trial court revoked her community supervision on the state's motion and sentenced her to four years' confinement. *Id.* at 5-7. Petitioner is no longer confined in TDCJ and is currently residing at the Fort Worth Transitional Center.

---

[1]The pagination in the ECF header is used.

## II. ISSUES

In this habeas petition, Petitioner raises four grounds for relief:

(1) court documents contain false information;
(2) court documents contain signatures that do not belong to Judge Robb Catalano or herself;
(3) court documents have been legally altered; and
(4) fraudulent court documents resulted in her "illegal incarcerations."

Pet. 6-7, ECF No. 7.

Petitioner seeks immediate release, immediate legal assistance, legal help and legal protection, removal from community supervision and the Texas legal system, and assistance with housing, medical and dental care, and other expenses. *Id.* at 7.

## III. RULE 5 STATEMENT

Respondent does not assert the petition is barred by limitations or subject to the successive-petition bar. Resp't's Mot. to Dismiss 5-6, ECF No. 17. He does, however, assert Petitioner's claims are unexhausted for purposes of 28 U.S.C. § 2254(b)(1)(A).

## IV. EXHAUSTION

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in the state courts before requesting federal collateral relief.  28 U.S.C. § 2254(b)(1), (c)[2]; *Fisher v.*

---

[2]The terms of 28 U.S.C. § 2254(b) and (c) provide in pertinent part as follows:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>   (A) the applicant has exhausted the remedies available in the courts of the State; or
>   (B)(i) there is an absence of available State corrective process; or
>   (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>   . . .

*Texas*, 169 F.3d 295, 302 (5th Cir. 1999). A state petitioner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his or her claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West 2015); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995).

Petitioner did not properly raise the instant claims on direct appeal of the judgment revoking her community supervision nor has she demonstrated that she has raised the claims in a state habeas corpus application.[3, 4] In fact, she answered question 24 in the form petition in the negative when asked if she has any petition or appeal now pending in any court, either state or federal, for the judgment you are challenging, and the Texas Court of Criminal Appeals's website does not show that a state habeas application was received in that court after direct appeal was concluded. Pet. 8, ECF No. 7. Accordingly, Petitioner's claims are not exhausted as required by § 2254(b)(1)(A).

Therefore, to the extent Petitioner's claims are not rendered moot by her release, she must first pursue her state habeas corpus remedies, in addition to any applicable administrative remedies, before seeking relief under § 2254. Absent a showing that state remedies are inadequate, such

---

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

[3]Petitioner was represented by counsel on direct appeal, including the petition for discretionary review. To the extent Petitioner filed pro se documents in the Texas Court of Criminal Appeals raising one or more of her claims during direct appeal, the claims were not properly before the state court, and the state court made no rulings on the documents. *See Ex parte Bohannan,* 350 S.W.3d 116, 116-17 n.1 (Tex. Crim. App. 2011).

[4]Although it appears Petitioner filed a motion for leave to file an application for writ of habeas corpus in the Texas Court of Criminal Appeals while her direct appeal was pending, leave was denied without written order on October 15, 2014. Adm. R., ECF No. 20-24.

showing not having been demonstrated, she cannot now proceed in federal court in habeas corpus. Dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that Petitioner can fully exhaust her state remedies and then return to this court, if she so desires, after exhaustion has been properly and fully accomplished.[5, 6]

## V. CONCLUSION

For the reasons discussed herein, Respondent's motion to dismiss is GRANTED and the petition for a writ of habeas corpus pursuant to § 2254 is DISMISSED for failure to exhaust state remedies. Also, for the reasons discussed herein, a certificate of appealability is DENIED.

**SO ORDERED** on this 18th day of February, 2016.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[5] 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing habeas corpus petitions in federal court, subject to any applicable tolling. *See* 28 U.S.C. § 2244(d)(1)-(2).

[6] To the extent Petitioner raises challenges to the conditions, rules or procedures of the transition center, the claims will not lie in habeas corpus and were are not properly raised in this habeas action.